IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **BRENDA J. HENDRICKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 09-0821-CV-W-GAF |
| ) | |
| **INTERSTATE BRANDS** ) | |
| **CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Presently before the Court is Plaintiff Brenda J. Hendricks's ("Plaintiff") Motion to Remand (Doc. #11). Plaintiff contends removal was improper in this case because there is not complete diversity of the parties and no cause of action arises under federal law. Defendants Interstate Brands Corporation ("IBC") and Timothy Owens ("Owens") (collectively "Defendants") oppose, arguing IBC's principal place of business is in Texas and Owens was fraudulently joined and, therefore, diversity jurisdiction exists. After consideration of the parties' respective arguments and for the following reasons, Plaintiff's Motion is GRANTED and the case is REMANDED to the Circuit Court of Jackson County, Missouri, at Independence.

## DISCUSSION

**A.    Facts**[1]

The present case arises from the alleged sexual discrimination, harassment, and hostile work environment Plaintiff suffered while an employee of IBC. Plaintiff alleges Owens, a Key-Account Manager at IBC, made sexual advances towards her, used explicit and vulgar language, and engaged

---

[1] All facts are taken from Plaintiff's Petition unless otherwise noted.

in inappropriate, sexual conduct.[2] Plaintiff's complaints regarding Owens's conduct went unheeded and she was discouraged from making a formal complaint to Human Resources. When Plaintiff did attempt to make a written complaint, she was terminated shortly thereafter.

Plaintiff filed her cause of action in the Circuit Court of Jackson County, Missouri, at Independence on August 24, 2009, claiming violations of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* ("MHRA"). On October 7, 2009, Defendants removed the action to this Court, asserting Owens had been fraudulently joined and that IBC's principal place of business is Texas and therefore diversity jurisdiction was present. (Doc. #1).

At the time of removal, certified filings made with the Missouri Secretary of State indicated that IBC's principal place of business was located in the State of Missouri. (Doc. #12, Ex. 1). Approximately one week after removal, IBC filed a modified annual form with the Missouri Secretary of State, naming the State of Texas as its principal place of business. (Doc. #12, p. 4; Doc. #15, p. 3). IBC contends that since March 30, 2009, its corporate headquarters have been located in the State of Texas and 22 key executives work out of that office. (Doc. #14 pp. 1-2, 5). However, since March 30, 2009, IBC has represented that its principal place of business is in the State of Missouri in at least five separate court filings.

**B.    Standard and Analysis**

A party may remove an action to federal district court if there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When removing an action to federal court, "[t]he allegations of the complaint as set forth at the time the petition for removal was filed are controlling." *Crosby v. Paul*

---

[2] Both Plaintiff and Owens are residents of Missouri.

2

*Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)). The defendant bears the burden to prove removal is proper and that all prerequisites are satisfied. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Any doubt about the propriety of removal is resolved in favor of state court jurisdiction. *Id.*

Given these standards, the Court finds that Defendants have not proven that diversity jurisdiction existed at the time of removal. Missouri law requires each corporation doing business in the State to file an annual report with its Secretary of State identifying, in part, its principal place of business. Mo. Rev. Stat. § 355.856.1(3) (2009). On July 24, 2009, less than three months before the instant case was removed to this Court, IBC named the State of Missouri as its principal place of business in its annual filing.

Defendants' self-serving claims that IBC's corporate headquarters and key executives' offices are located in Texas are unavailing given IBC's repeated filings in federal courts as late as October 1, 2009, just seven days prior to removal of this case, that its principal place of business is located in Missouri. Resolving all doubt in favor of state court jurisdiction, the Court cannot ignore these statements as evidence that IBC's principal place of business was located in Missouri at the time of removal. Therefore, Plaintiff's Motion for Remand is GRANTED and the case is REMANDED to the Circuit Court of Jackson County, Missouri, at Independence.[3]

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: December 10, 2009

---

[3] The Court notes, while not deciding, that Plaintiff may have cause of action against Owens, which would also preclude diversity jurisdiction. Accordingly, the Court refrains from ruling on Defendants' Motion to Dismiss Fraudulently Joined Defendants (Doc. #2).